**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **COINBASE, INC.,** | |
| *Petitioner*, | Civil Action No. _____ |
| v. | |
| **ABIER ABDELNABY,** | |
| *Respondent*. | |

**<u>PETITION TO CONFIRM ARBITRATION AWARD AND REQUEST FOR JUDGMENT</u>**

Petitioner Coinbase, Inc. (Coinbase) requests this Court confirm the attached Final

Arbitration Award and enter judgment in accordance with the Federal Arbitration Act.

**INTRODUCTION**

1.      Petitioner requests confirmation of the arbitration award dismissing all claims on the merits (Final Award).  The Final Award was issued by Arbitrator Myrna Barakat Friedman on September 10, 2024, in American Arbitration Association Case No. 01-23-0001-2094, *Abdelnaby v. Coinbase, Inc. and Coinbase Global, Inc.* (the Arbitration).

2.      A true and correct copy of the Tribunal's Final Award is attached as Exhibit A.  A true and correct copy of Abier Abdelnaby's complaint (Complaint) is attached as Exhibit B.  And a true and correct copy of the User Agreement (which contains the parties' agreement to arbitrate at Appendix 5: Arbitration Agreement) is attached as Exhibit C.

**PARTIES**

3.      Coinbase is a corporation organized under the laws of the State of Delaware.

4.      Abier Abdelnaby is an individual resident of the State of New York.  *See* Ex. B (Complaint) at ¶ 2.  Pursuant to 9 U.S.C. § 9 and the Federal Rules of Civil Procedure, Ms.

Abdelnaby may be served with this Petition "as prescribed by law for service of notice of motion in an action in the same court."

## JURISDICTION AND VENUE

5.     The Federal Arbitration Act (FAA) does not bestow federal jurisdiction.  It "rather requires for access to a federal forum an independent jurisdictional basis over the parties' dispute." *Landau v. Eisenberg*, 922 F.3d 495, 497 (2d Cir. 2019) (citation omitted).

6.     Ms. Abdelnaby's Complaint does not raise a federal question.  28 U.S.C. § 1331. But this Court has jurisdiction to confirm the Final Award pursuant to 28 U.S.C. § 1332 because (i) complete diversity exists between the parties and (ii) the amount in controversy exceeded $75,000.

7.     There is complete diversity because Coinbase is a Delaware corporation and does not have a principal place of business in New York, and Ms. Abdelnaby is a New York resident.

8.     The amount in controversy exceeded $75,000 because Ms. Abdelnaby sought more than $700,000 in damages in arbitration. Ex. B (Complaint) at ¶ 4; *Nat'l Cas. Co. v. Resolute Reinsurance Co.*, No. 15CV9440 (DLC), 2016 WL 1178779, at *2 (S.D.N.Y. Mar. 24, 2016) ("[T]he appropriate way to measure the amount in controversy during a § 9 confirmation proceeding is by using the amount demanded in the underlying arbitration.").

9.     Venue is proper for this confirmation proceeding pursuant to 9 U.S.C. § 9 because the Final Award was issued by the Arbitrator in New York.

## FACTUAL BACKGROUND

10.     Ms. Abdelnaby filed her Complaint on March 15, 2023.  She brought claims for breach of contract, breach of the duty of good faith and fair dealing, negligence, breach of fiduciary duty, false advertising in violation of California Business Code § 17500, and unconscionability in violation of California Civil Code § 1770(a)(19) (the Consumer Legal Remedies Act or CLRA).

11.     Ms. Abdelnaby's claims arose out of her voluntary and repeated transfers of cryptocurrency to third-party scammers wholly unaffiliated with Coinbase.

12. The User Agreement between Ms. Abdelnaby and Coinbase, Inc. provided that the parties agreed to arbitrate any disputes, and that "the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, will govern the interpretation and enforcement of this Arbitration Agreement and any arbitration proceedings" and that the Arbitration would be administered by AAA. A true and correct copy of the User Agreement is attached as Exhibit C. *See* Ex. C (User Agreement) at App'x 5 §§ 1.1, 1.4, 1.6.

13. At the time the parties briefed and argued Coinbase's dispositive motion, the presiding neutral was Arbitrator Myrna Barakat Friedman. Arbitrator Friedman is based in New York.

14. On June 27, 2024, Coinbase filed a dispositive motion, seeking to dismiss all claims on the merits. On July 31, 2024, Ms. Abdelnaby submitted a response, and, on August 15, 2025, Coinbase submitted its reply. Oral argument was heard via Zoom on August 28, 2024. Ex. A (Final Award) p. 1.

15. On September 10, 2024, Arbitrator Friedman issued the Final Award dismissing all claims on the merits with prejudice in "full settlement of all claims submitted to this Arbitration." Ex. A. (Final Award) at 2-3. The Final Award also states that the administrative fees and the arbitrator's compensation shall be borne as incurred. *Id.* at 2.

16. As to Ms. Abdelnaby's breach of contract claim, the Tribunal ruled that there was no provision in the User Agreement that required Coinbase to "interfere in any way in halting, reversing, or otherwise policing any of the transactions made voluntarily" by Ms. Abdelnaby. *Id.* p. 2. "Claimant's breach of contract claim is not supported by the facts." *Id.*

17. As to Ms. Abdelnaby's breach of good faith and fair dealing and fiduciary duty claims, the Tribunal ruled that Ms. Abdelnaby had "not made any plausible allegation of fact that would indicate that [Coinbase] breached any duty of good faith and fair dealing or any fiduciary duty they owned [Ms. Abdelnaby]." *Id.*

18. As to Ms. Abdelnaby's negligence claim, the Tribunal ruled that Ms. Abdelnaby had not alleged facts indicating Coinbase "failed to comply with its obligations as established in

the User Agreement" and had not offered "any convincing legal argument to support a claim that [Coinbase] had any legal obligation, whether contractual or otherwise, to monitor [Mr. Abdelnaby's] voluntary transfers, question her actions under the circumstances or protect her from fraudsters with whom she engaged online." *Id.*

19.    As to her false advertising claim, the Tribunal ruled that "None of the facts put forward by [Ms. Abdelnaby] regarding the events and the information disseminated by [Coinbase] support a finding in [her] favor…." *Id.*

20.    Finally, as to her claim that Coinbase violated the CLRA, the Tribunal concluded that Ms. Abdelnaby's allegations were "unsupported by the facts" because "The facts do not indicate that anyone accessed [Ms. Abdelnaby]'s account other than [Ms. Abdelnaby] herself." *Id.*

21.    The Tribunal dismissed each of these claims—the entirety of Ms. Abdelnaby's Complaint—with prejudice. *Id.* at 2-3.

### MOTION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT

22.    The FAA allows for confirmation of arbitral awards in federal court.  The FAA states, in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.  If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9.  As explained below, all the FAA's requirements to confirm this arbitral award are met.

*First*, the User Agreement expressly authorizes the entering of judgment on an arbitration award in federal court.  Section 1.6 of the User Agreement states that "[j]udgment on the

arbitration award may be entered in any court having jurisdiction." *See* Ex. C (User Agreement) at App'x 5 § 1.6. The User Agreement also states that the FAA governs the award:

> [t]he User Agreement evidences a transaction involving interstate commerce; and notwithstanding any other provision herein with respect to the applicable substantive law, the Federal Arbitration Act, 9 U.S.C. sec. 1 *et seq.*, will govern the interpretation and enforcement of this Arbitration Agreement and any arbitration proceedings.

*Id.*, § 1.4.

*Second*, this motion is timely, because it is made within one year after entry of the award. The Arbitrator entered the award and dated it September 10, 2024. *See* Ex. A at 2. This motion is being made on January 30, 2025. Venue is also proper in this Court because the award was issued by an arbitrator located in this jurisdiction.

*Third*, no grounds exist for vacatur or modification of the Final Award.

The limited exclusive statutory grounds for *vacatur* of an award are: (1) the award "was procured by corruption, fraud, or undue means;" (2) "there was evident partiality or corruption in the arbitrators, or either of them;" (3) "the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced;" or (4) "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a). The exclusive statutory bases for *modification* are circumstances where: (1) "there was an evident material miscalculation of figures or material mistake in the description of any person, thing, or property referred to in the award;" (2) "the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted;" or (3) "the award is imperfect in matter of form not affecting the merits of the Controversy." 9 U.S.C. § 11. There are no grounds outside the statutory framework of the

FAA for vacating or modifying an arbitration award.  *See also Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008).

None of the statutorily-articulated grounds for modification, correction, or vacatur are implicated here.  There was no corruption or fraud; the Arbitrator did not act with partiality or corruptly; the Arbitrator committed no misconduct; the Arbitrator did not take action that prejudiced either party; and the Arbitrator did not exceed her authority.  Further, as the Arbitrator awarded no damages, there was no miscalculation in the damages amount.  There was likewise no material mistake in the description of any person, thing, or property referred to in the award.  The Arbitrator did not award on a matter not submitted to her or concern herself with matters not alleged in the Complaint.  Moreover, the form of the Final Award is unobjectionable.  And, finally, Claimant has raised no objection concerning the substance or form of the Final Award with the Tribunal.

***The FAA requires confirmation of an award in these circumstances.  See id., at 582 (2008) ("Under the terms of § 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11.").***

Section 13 of the FAA requires that a party moving to confirm an award attach certain documents to its motion.  The moving party is required to attach: (i) the agreement to arbitrate, (ii) the award, (iii) the selection or appointment, if any, of an additional arbitrator or umpire, (iii) each written extension of time within which to make an award, and (iv) each paper used upon application to confirm, modify, or correct the award.  As noted above, the Final Award is attached as Exhibit A and the User Agreement (which contains the agreement to arbitrate) is attached as Exhibit C.  No additional arbitrators were appointed or selected for this matter, and no extensions of time for the Arbitrator to render her award were requested or given.  The notices of appointment for the first arbitrator (who was ultimately disqualified) and the second arbitrator (who issued the award) are attached as Exhibit D.  No requests were made to modify or to correct the award.  No requests were made to confirm the award—except for this instant petition.

**CONCLUSION AND RELIEF REQUESTED**

All requirements for confirmation of the Final Award have been met.

Accordingly, pursuant to 9 U.S.C. § 9, Coinbase seeks (1) Confirmation of the Final Award as a Judgment of this Court against Ms. Abdelnaby in the amount of $0; and (2) Any and all further relief this Court deems just and proper.

DATED: January 30, 2025                    Respectfully submitted,


By: */s/ Jessica E. Lanier*

GABRIELA KIPNIS (*pro hac vice application pending*)
JESSICA E. LANIER (*pro hac vice application pending*)
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:     (415) 343-7100
Facsimile:      (415) 343-7101
Email:          gkipnis@conmetkane.com
Email:          jlanier@conmetkane.com

*Attorneys for Petitioner Coinbase, Inc.*