# Exhibit A

AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

## AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between

Case Number: 01-23-0001-2094

Abier Abdelnaby, Claimant
-vs-
Coinbase, Inc., Respondent

### ORDER ON RULE 33 MOTION FOR EARLY DISPOSITION AND FINAL AWARD

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties, and having been duly sworn, and having fully reviewed the submissions of the Parties, both parties represented by counsel at a motion hearing held on August 28, 2024, do hereby enter the following FINAL AWARD:

In accordance with paragraph 4 of the Preliminary Hearing and Scheduling Order 1 dated May 2, 2024, as amended, Respondent submitted a Dispositive Motion dated June 27, 2024 (the "Dispositive Motion"). Pursuant to the Dispositive Motion, Respondent moves to dismiss all of Claimant's claims with prejudice and without leave to amend. Claimant submitted a response to the Dispositive Motion on July 31, 2024 and Respondent submitted a reply on August 15, 2024. A hearing on the Dispositive Motion was held on August 28, 2024.

**Background**

Pursuant to the Coinbase User Agreement (the "User Agreement") between Claimant and Respondent, Claimant commenced this arbitration on March 3, 2023. In the Demand for Arbitration (the "Demand"), Claimant asserts claims for breach of contract, breach of the duty of good faith and fair dealing, negligence, breach of fiduciary duty, false advertising in violation of California Business Code § 17500 (the "FAL"), and unconscionability in violation of California Civil Code § 1770(a)(19) (the "CLRA"). Respondent denies any liability and submits the Dispositive Motion.

The relevant facts in this matter are fleshed out in the Demand and uncontested: on multiple occasions, Claimant sent cryptocurrency from an account she maintained with Respondent. Claimant asserts that she authorized each of the transfers but that she was duped by the recipients into thinking that they were legitimate groups; they were not. In fact, the subsequent transfers made by Claimant were to a group that claimed to be able to help Claimant recover the funds she had sent to the first fraudster. Claimant now seeks to recover from Respondent, among other things, compensatory damages for the losses she claims to have suffered as a result of all such transfers.

**Analysis**

The American Arbitration Association Consumer Arbitration Rules (the "AAA Rules"), which govern this arbitration, do not provide a standard of review for dispositive motions but Rule 33 contemplates permission to file a dispositive motion when it will "dispose of or narrow the issues in a case." The User Agreement establishes the full scope of the contractual agreement between the parties and provides that the laws of the State of California

apply to this dispute. The question therefore is whether the Demand states facts that are sufficient to constitute a cause of action that would warrant additional discovery and pleadings. For purposes of the Dispositive Motion, I have accepted as true all the facts described in the Demand.

Breach of Contract: Claimant alleges that Respondent is in breach of its contractual obligations under the User Agreement because it did not halt the fraudulent transactions, reverse the transactions after they were made or identify "those responsible for initiating the transactions." The facts clearly indicate that Claimant was responsible for initiating the transactions and did so willingly. Claimant fails to point to, and I could not independently find, any provision in the User Agreement that required Respondent to interfere in any way in halting, reversing or otherwise policing any of the transactions made voluntarily by the account holder, namely the Claimant. Accordingly, Claimant's breach of contract claim is not supported by the facts.

Breach of Duty of Good Faith and Fair Dealing and Fiduciary Duty: Claimant has not made any plausible allegation of fact that would indicate that Respondent breached any duty of good faith and fair dealing or any fiduciary duty they owed Claimant. The duty of good faith and fair dealing cannot impose terms inconsistent with the User Agreement; rather, it only can imply obligations that are in furtherance of other terms of the parties' agreement. Further, the User Agreement does not impose any fiduciary duties on Respondent. In its reply to the Dispositive Motion, Claimant contends that Respondent is a broker dealer and thus owes Claimant a fiduciary duty to "safeguard Claimant's assets with the 'utmost good faith.'" Respondent rejects any assertion that it is a broker dealer. Regardless of whether or not Respondent is a broker dealer, the transfers were made by Claimant, at Claimant's sole discretion using Respondent's platform as a means for the transfer, without any investment or other advice or guidance from Respondent. Thus, the facts simply do not support this claim.

Negligence: Claimant alleges that Respondent breached its duty of reasonable care by failing to "detect, prevent, alert Claimant about, or recover the money stolen." Claimant has not alleged any facts that indicate that Respondent failed to comply with its obligations as established in the User Agreement nor does Claimant offer any convincing legal argument to support a claim that Respondent had any legal obligation, whether contractual or otherwise, to monitor Claimant's voluntary transfers, question her actions under the circumstances or protect her from fraudsters with whom she engaged online.

False Advertising: Claimant asserts that Respondent is liable under the FAL for disseminating information over the internet regarding its services that is untrue and is misleading, and that Claimant's losses resulted from her reliance on such information. Respondent argues that Claimant lacks standing to bring a claim under the FAL and, in any case, that the FAL provides only equitable remedies in instances where no other adequate remedies are available to the Claimant. None of the facts put forward by Claimant regarding the events and the information disseminated by Respondent support a finding in Claimant's favor, even if one were to find that Claimant had standing under the FAL.

Violation of the CLRA: Claimant asserts that Respondent should be held liable under the CLRA claiming that Section 6.3 of the User Agreement, which provides that Claimant "will not hold Coinbase responsible for, and will indemnify Coinbase from, any liability arising out of or related to any act or omission of any third party with access to [Claimant's] Coinbase Account(s)," is unconscionable. The facts do not indicate that anyone accessed Claimant's account other than Claimant herself; accordingly, Claimant's allegations on this basis are unsupported by the facts.

Per Claimant's Demand, all of the transfers were made by Claimant herself voluntarily. It is unfortunate that Claimant was duped, not once but twice, by scammers she encountered online but the Demand fails to state facts sufficient to constitute a cause of action against Respondent. There is no value to allowing additional pleadings on this matter.

Based on the foregoing, this matter is dismissed with prejudice. All future settings in this case are hereby vacated.

The administrative fee of the American Arbitration Association totaling $2,750.00 shall be borne as incurred, and the compensation of the arbitrator totaling $4,150.00 shall be borne as incurred.

This Final Arbitration Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

September 10, 2024                                    /s/ Myrna Barakat Friedman
_____                     _____
           Date                                                        Myrna Barakat Friedman, Arbitrator